[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was begun by the plaintiff Brian C. Levesque by complaint dated December 31, 1996 seeking, inter alia, a dissolution of the marriage. On January 22, 1997, the defendant Marsha A. Levesque appeared by counsel and filed an answer and cross complaint seeking a dissolution of the marriage as well as alimony, an allocation of debts, an equitable property settlement, counsel fees and other relief. The matter, having been claimed by the plaintiff to the limited contested list on May 12, 1997, was assigned for trial and heard by court on September 19, 1997. Both parties testified; both filed proposed orders with the court. Based on the evidence adduced at the hearing the court makes the following findings:
The defendant, whose birth name was Marsha A. Caine, and the CT Page 9992 plaintiff were married on September 2, 1995, in Barrington, Rhode Island.
No children have been born to the defendant since the date of the marriage.
The plaintiff and the defendant have resided in the State of Connecticut for more than one year prior to the commencement of this action. The court has jurisdiction over the parties as well as the marriage.
The plaintiff, who is 25 years old, is a physical education teacher at Killingly High School where he also coaches football and baseball. The defendant, who is 24 years old, is a student teacher, presently seeking her teaching certificate. Both are graduates of Springfield College; both are seeking their masters degree in education. The defendant may complete her degree requirements by the summer of 1998; the plaintiff will require more time because of his full-time position.
After their marriage, the parties lived in Danbury where the plaintiff worked as a teacher at a middle school and the defendant taught at a private school. In the summer of 1996 they relocated to the Killingly area because of the plaintiff's desire to live and work in the area where he was raised. In August of 1996 he began work in his present position at Killingly High School and the defendant began to take classes toward her masters degree. They separated December 5, 1996 and they have lived apart since then.
The parties have testified that their marriage has broken down irretrievably. From the: outset they indicated they argued constantly. Initially, there were arguments about the wedding gifts. Their interests were never the same, they said; he was interested in sports, particularly football and baseball. She did not like football although she testified she learned to like baseball very much. She liked to run more than he did. Upon their return to the Killingly area the arguments continued. The defendant would spend Sundays with her parents in Rhode Island rather than be alone. She felt like an outsider at his mother's home when his relatives were present. The plaintiff was often at evening meetings relative to his coaching duties. He went out every Friday evening and Sunday afternoon with friends. Sunday evenings there were football meetings. In October or November of 1996, after an argument, the plaintiff ordered the defendant to CT Page 9993 leave their residence which she did for a period of a few days. They reconciled briefly before he left the residence on December 5, 1996 after they decided the marriage would not work out. They have been separated for nearly nine months.
The principal assets owned by the parties are a 1996 Saturn automobile valued at about $15000 and a Packard Bell computer worth about $2000. The 1996 Saturn has a loan balance of approximately $11000. The parties have joint credit card debt totaling about $16000. They have agreed to divide that indebtedness as follows: the plaintiff will pay the debt to the Norwich Pequot Credit Union in the amount of approximately $14000. The defendant will pay the debt to the Bank of Boston in the approximate amount of $2000.
The parties are at odds about several issues: payment of the car loan on the Saturn, possession of the computer, and possession of a TV set. Further, the defendant seeks to have the plaintiff maintain health insurance for her for up to fifteen months. She also seeks $1.00 per year alimony and $1000 for counsel fees.
Based on the evidence adduced at the trial and mindful of the provisions of Chapter 815j of the Connecticut General Statutes and particularly the criteria set forth in §§ 46b-62, 46b-81, and 46b-82, the court enters the following orders:
The marriage of the parties is dissolved on the basis of its irretrievable breakdown.
The defendant's birth name of Caine is restored to her.
The plaintiff is ordered to maintain health insurance for the benefit of the defendant until January 1, 1998.
The defendant shall be awarded the 1996 Saturn and she shall pay the loan, insurance and taxes on the vehicle and she shall hold the plaintiff harmless from any liability relative thereto. The plaintiff shall be awarded the 1987 Honda Accord and he shall pay the insurance and taxes on the vehicle and he shall hold the defendant harmless from any liability relative thereto.
The defendant shall retain all of the parties' furniture, wedding gifts and the Packard Bell computer, computer disk and software. The 25-inch TV shall be returned to the plaintiff CT Page 9994 within 30 days of this memorandum.
The plaintiff and the defendant shall be solely responsible for the liabilities set forth in their respective financial affidavits with the exception of the agreement noted herein and any orders herein to the contrary.
No alimony or counsel fees is awarded to either the plaintiff or the defendant.
The plaintiff and the defendant shall execute any documents which may be required in order to effectuate the orders entered herein within 30 days of this memorandum. Counsel for the plaintiff shall prepare the judgment.
Potter, J.